cases number 21 27 37 and 24 274 Schneiderman versus American Chemical Society oh I'm sorry thank you thank you okay okay mr. Nissen yes good morning your honors may it please the court my name is Joshua Full Nissen and it is my privilege to represent appellant Arnold Schneiderman before this panel as Billie Jean King famously stated pressure is a privilege this is a joint appeal of the dismissal by district court judge Roslyn Mouskov of appellate's lawsuit against the Pele the American Chemical Society or ACS for fair to accommodate his disabilities during a lengthy ACS organized National Chemistry Olympiad in violation of the New York State human rights law the first appeal subject to your de novo review is just Mouskov's dismissal of the third amended complaint for lack of diversity jurisdiction the second appeal under the abuse of discretion standard is her dismissal of appellants motion for reconsideration under rule 60 to permit remote opening of the case to allow completion of discovery and possible formulation of a claim under the Rehabilitation Act 1973 turning to the first appeal appellant maintains that this court should find that the district court had diversity jurisdiction because he is a resident and citizen of New York while ACS is a citizen of the District of Columbia where it maintains its principal place of business the federal diversity statute 28 USC 1332 c1 provides two grounds for corporate citizenship a corporation is one the citizen of quote every state in foreign state by which it has been incorporated and to a citizen of the state or foreign state where it has its principal place of business appellant urges you to follow the cogent compelling and correct interpretation of the diversity statute by the first circuit for circuit maybe I don't even know if we need to follow the fourth circuit because you know it just seems like the argument is based on the text but this is not really the argument that your client made before the district court right so what about the question about whether it's forfeited well hold on a second thank you thank you your your your honor judge bin Ashi first of all it is false that appellant never raised the argument that diversity jurisdiction exists it did raise it because ACS is a citizen of the state where it has its principal place of business well what it didn't argue what it didn't argue was that that applied to a federally chartered corporation and so there was no 1332 C argument on that point in the district court and there was no 14th Amendment argument and of course it was the plaintiff's burden to establish diversity jurisdiction I understand counsel that you were not representing the plaintiff at that time but that's the concern we have with forfeiture waiver of this this diversity jurisdiction argument on with respect to a federally chartered corporation well in fact appellant did raise the question of diversity jurisdiction and a federally chartered corporation being subject to it based on its principal place of it just did it by a different route in the statutory you're saying is you know the way we've sometimes articulated it is if you made the claim before the district court you're not limited to the precise arguments you made that's right appeal and yeah he did argue that there was diversity jurisdiction and that ACS should be treated as a citizen of Washington DC he just had an argument that is not the same one he's making right on appeal yeah that's correct I we do it is still true that we don't normally hear new arguments on appeal I guess you're right it's not like I mean obviously we have the discretion to do it I mean that's true yeah so but so why should we why should we exercise that why should we exercise that discretion well your honor you're correct there is discretion and the Second Circuit had had said that you can exercise you looked at certain factors this is the case of back elitist v86 and third owner LLC we make the argument in page five and six of our reply brief and you look at a number of factors and they concern unaddressed issues where they're pure questions of law and also if they're being manifest injustice in our case the case before the Second Circuit regarding citizenship of ACS is a purely legal question in addition given the strength of appellants underlying case for dissimilar disability discrimination in which it's very well documented that he was denied a combination it would be an injustice not to deny him the forum and that you find you waive it moreover this court you know because we didn't is free to cite Navy Federal Union federal credit in his de novo review of the decision below so the fact we did right so yeah so it's there's no fact-finding and it's a pure legal question it's a statute right it is a little right not to apply the federal diversity statute and to rely on case law predating its existence or at least its current form and that's pretty consequential and I question right so we have an obligation the ways to police our own jurisdiction even if no party raises it yes that's correct your honor I see that well we have an obligation to assure ourselves we have jurisdiction but in this case the question is whether your client carried his burden in the district court of demonstrating jurisdiction well in the district court he made an argument that based on the localization exception and the fact that corporations with far more extensive than the nationwide operations like Exxon Mobil and ACS can be covered by diversity that was his route of argument now I believe on we are free to judge mask off in her decision obviously considered if you look at a 222 she did consider the whole issue of the statute being enacted but found that it you couldn't apply diversity jurisdiction to fairly charted corporations because it violated congressional purpose so she surely did consider this argument so what happened that that because if I understand it correctly your client position below was that he was not seeking a court ruling applicable to all federally chartered corporations he was asserting the diversity should apply to ACS as a particular type of such corporation arguing that it's sir it was not charted to serve a practical public or economic function like a national bank and so it didn't fit within the category of federally chartered corporations for which the principle applies or have I overlooked something I thought he want he wasn't challenging the rule in the district court he was arguing that the defendants should be viewed as an exception somehow but we did focus on and it relates to some of the argument I would make about congressional purpose here congressionally chartered corporations are one category of fairly charted corporation the American Chemical Society is one these are corporations that originally had a state charter and then they go but in this case it was New York right yeah it was so you wouldn't have diversity if they still had their state charter that that might be the case but but but what I would argue is we might have advanced a certain argument to arrive at the conclusion diversity should in the lower court we are free upon looking at her decision to then do further analysis federal credit you really didn't you affirmatively sort of disclaim this I'm trying this is a brief you wrote not your client when he was pro se because there have been you've been in and out right but in your brief in response I think to the motion to dismiss the third amended complaint you talk about that this is not an area these corporations are not subject to diversity jurisdiction for example by pegging their citizenship to their principal place of business so we've been talking about forfeiture and which is where you just fail to make the argument so we declined to consider it but there's also waiver where you affirmatively say that's not what I'm arguing and this almost feels to me more like you've waived that argument well your honor I can understand that we knew that the federal you know Navy credit Union case the circuit case we rely on which was decided I think it was three months before we submitted our brief you know you know maybe we're we're supposed to be aware it's not binding though it's interesting but and I like the Fourth Circuit they're nice people but they don't bind us right no I know but the fact is that this is the Novo review upon looking at her decision and analyzing it we are free on appeal to do further investigation and research and argue through a different route the Navy credit Union route looking at statutory interpretation that this should apply but not necessarily to urge a view that you specifically disavowed in the district court well your honor that I can appreciate what what you're saying your honor but we're we should not let the fact that you in a de novo review you you're free to consider Navy federal to rule totally for us and once mouth judge mask off made this decision before we get to you know whether the decision makes a difference just I mean did you affirmatively disavow it so like it's true the argument before the district court takes for granted bankers trust but it treats that as a problem it is well despite bankers trust you should apply the localization exception you should not allow a federal charter to shield somebody from accountability various arguments and so on usually when we have affirmative waiver as opposed to forfeiture it's because the party embraced a position for strategic reasons was there any benefit to your client for saying that bankers trust was good law well at the time and even they regret it federal says says it's good law from our perspective from it seemed that we were looking at very pragmatically you know you have ACS which is nationwide activities it's a you're not I mean so I guess my question is this the reason you relied on bankers trust and took it for granted was because you weren't aware there was another argument available right yeah we weren't aware it's not that you thought that you could benefit by persuading the district court that bankers trust was the was the was the law no we didn't think we could benefit but we thought we had a good argument based on you know looking at the localization exception and that you compare ACS with Exxon Mobil why should a corporation with far more extensive activities nationwide even if you had the localization argument it is there any reason to think that the localization exception to bankers trust would be a more persuasive argument than just saying that 1332 c1 says a corporation is a citizen of the state where it has its personal place of business you know if that argument had occurred to you would have made that instead right we might well have made it this is the Novo review we're supposed to be looking at this case fairly if you could consider maybe federal you know in your DeNovo review why can't we raise that argument once we've seen Mascot's decision she said you know Congress intended to apply the principal place was fairly charters I just want to let you try one more time it's meant to be a friendly I know we're trying to be a friendly question right so you did not decide that it would be better for your client to have bankers trust be the general rule and then try to work around it right it's unambiguous that it is better for your client to apply 1332 C statutory analysis we thought we had a good argument on in the lower court but this frankly this is a better one and I think it's very clear okay and this is a thing of what when they talk about factors to consider is a is this a pure question of law plus the underlying case of discrimination against Arnold Snyderman is very strong why not bring it in state court it's not that the ACS isn't getting away with it you they're not unsuitable right it's just the idea that diversity jurisdiction was invented to make sure that you know a local person a distant person didn't get abused by local courts when they were trying to sue a local defendant right so you have a local plaintiff with an arguably out-of-state you argue out-of-state defendant you choose to bring that in federal court but you've talked about as though why should ACS be off the hook I'm having trouble understanding why ACS is off the hook as opposed to just in the wrong room or that could be down the hall down the street you know it might be looking back I mean hindsight is 2020 when judge Mouskov told us we're dismissing this with your right to refile it in state court maybe that's what we should have done but there is no barrier to that it just was the choice you made it may well be you know that even if we lose this appeal we might be able to if everything's been suspended like the statute of limitations we could go back to state court with this case but we feel since we're here and arguing and I think it's an important question of law about the applicability of diversity I understand I just want to make sure there was no barrier because you were talking about sort of ACS being you know why shouldn't they be held accountable and my I just want to make sure there was no barrier to that that you're aware of it was just your choice whether it was right strategically or not is another question but that important question that you identified you want it decided for all federal corporations right yes yes we do you told the court you didn't down below and that you did do for a strategic reason you thought you stood a better chance of winning by arguing an exception to the general rule than attacking the general rule right I believe that I mean so there there we have more of a waiver concern that you didn't you didn't ask the district court to take this view but but the district court you know she was quite aware of what the principal place of business and Congress's enactment and what she said to be sure this is a mask off decision to be sure bankers trust predated 1332 in the 1950 amendment which enacted 132 see subsection 3 provides that a corporation is not only a state of the citizen in which is incorporated but also says of the state where it has its principal place of business however is explained in Burton V US there is no evidence that it in enacting 1333 Congress intended to apply the principal place of business criterion to fairly chartered corporations as well as those organizers under state law just get she considered that argument now in response he's considering is whether there should be an exception for the American Chemical Society to that rule and she found there was no ground to create an exception that was your argument below but she really important for this court to take this case and state a general principle that you disavowed wanting a ruling on down in the district well but the district court she does go on and say con Congress intend to apply the principal place of business criterion to fairly chartered corporations as well as those organized under state law to the contrary the over IE purpose the 1958 amendment she got that wrong and judge Radji is saying but you didn't argue that that's what was the meaning of 1333 that when we saw her decision we were keyed in and then we found Navy Federal Credit Union and we're free as you are to then say wait as he's pronouncing this general view of it you're free to exercise your discretion given this is a pure question of law and the injustice of dismissing a you're saying that the way that she made the argument not just rejecting the localization exception but an interpretation of 1332 that you think on its face is wrong because it violates the text it relies on purpose right instead you know that allows you to say you know on appeal you should reject that reasoning and you should be limited to what you did below in terms of the strategic questions just you know thinking about what the stronger argument would be like if you had the choice between making an argument that the general rule is federally chartered corporations are not subject to diversity jurisdiction but there should be a special exception for the American Chemical Society and saying well actually the general rule is just that all federally chartered corporations are citizens of their principal place of business which one would you have accepted and which one do you think it's more likely that a district court would adopt I mean I think that the position we're taking on appeal without question would be the stronger one I think if you look what judge Mascoff doesn't do that's not the argument you pursued the district court you weren't pursuing it yes but once she ruled we are free to look at her decision and analyze and then raise a broader question for this court I would agree to the extent that correction of her decision might support the argument you made but okay I've had my questions answered yeah you know I want to get past this question of whether we had the right to even bring this appeal because frankly the Navy credit and what we've argued it's incontestable if you apply a textual analysis to the statute that as the corporation and state of principal place of business are independent clauses first of all structurally the the word of relates to citizen they it relates to two different basis is there's a logical independence the the place of incorporation does not rely on the principal place of business nor does the principal place of business rely on the state of incorporation so when when a Kelly says these are you know co-relative clauses you must have the first to have the second it's completely wrong when you look at the text plus they deliberately mistake the Supreme Court holding impulsive reverses us they say that the canon of consistent usage does not apply to the word and they cite that case that's the opposite of what that case held that case held that does apply you must use it consistently and when you use it consistently in the statute at issue here it must mean in addition to not co-relative because if you go by their consistent use of and to mean you're saying like is it is it because in the sentence the word and obviously means in addition to because every state and foreign states but not every corporation is a citizen of both the state and a foreign states yeah it's like in the very same sentence the word and does not require every condition to be met yeah if you go by their condition you can only apply the incorporation clause the corporations incorporated abroad and here and that's why they they flatly learned counsel dismiss state says Pulsifer doesn't apply of course it applies you apply consistent the other thing of course they raise bankers trust and that this case in 19 held that you know there's a mr. Ness and I think we have that argument but you've reserved time for rebuttal so maybe since you're responding to the other side anyway you can do that on rebuttal yeah I want to make sure we hear from you again yeah I'm gonna make sure I know time is this case when I have to mention and I will you'll do it on the second appeal the before you sit down let me just ask this I mean if we agree with you on the first question does the second one really matter so if in fact there is jurisdiction for the district court to consider it does that doesn't that just send the whole case back yes it does but we think we have you know of course I'll argue in the alternative we think judge mouse glove totally misstated the purpose of the discovery she thought we had to show that the competition itself got federal funding rather than the organization as a whole okay so we think there's clear error here all right thank you very much mr. Nesson as I said we'll hear from you again but let's turn to the appellee mr. Lynette good afternoon my name is Joe Lynette with Jackson Lewis I represent the appellee American Chemical Society we believe the district court was correct and should be affirmed as this panel began to bake began its questioning on argument we believe that appellant waved his wave the argument that he now makes that the plain terms of 1332 C apply to create diversity jurisdiction here he not only didn't argue it but I think as circuit judge Roger pointed out there is a issue here as well right but as counsel pointed out the district court in rejecting his exception or plaintiff's exception argument relied on what it construed the statute to state as a rule and if that's erroneous that would get the plaintiff relief it wouldn't be on the ground he sought it but we would be the district court's reasoning for rejecting his argument and if it could result in a conclusion that the district court was incorrect in a way that went even beyond what the plaintiff had argued in the district court why isn't that permissible it's it's it's not it's not permissible I mean we're reviewing what the district court said of course that the court can always that this is a review the issue is whether the court should exercise discretion in in fighting in hearing the legal argument we think there are several factors that militate against the review the district court decision without reviewing what it said about the statute as a whole the waiver argument or the abandonment argument doesn't depend on the on on the judge the the district court's reasoning it depends on the arguments raised by appellant below pellet raised five factors in support of finding diversity jurisdiction none of those factors required the interpretation of the statute he was essentially was arguing that the judge should create a special I just think going to judge Raji's question so if in fact the she he made this argument that the there is diversity jurisdiction over ACS because it's a citizen of Washington DC and we review that question on appeal let's say for the time being I know maybe you'll contest this that actually 1332 does say that that ACS is a citizen of Washington DC you're saying we would have to like act in this bizarro world fashion by saying well we're gonna apply a precedent from the turn of the 20th before Congress enacted the full diversity statute and we're gonna pretend like that's the law that applies because he didn't mention the statute before the district court I mean if the real reason why there's diversity jurisdiction is because Congress said so it's weird isn't it for us to ignore that for us to ignore that fact that's like just ignoring the existence of a statute I don't know that it's weird your honor I would say that there are there are factors why the court shouldn't get into the merits of the case the merits of the appeal first the district courts there's no split in the district courts and how diversity is applied to to federally chartered corporations to there's no prejudice to the plaintiff either it's just a question of where he can sue well that's a prejudice he's his case has been dismissed with the right to refile it's been dismissed in state court right but the federal courts have a virtually unflagging obligation to exercise jurisdiction over cases that Congress gives them the authority to decide right and so to have the dismissal of a case over which the district court had jurisdiction seems to be a problem right one thing we sometimes say in this circumstance when the appellant is making a very different argument than the part then he or she made before the district court is whether it's a pure legal question that doesn't require any more fact development right isn't that exactly what this is right the question is just what is 1332 mean yes I think that's right your honor for the purposes of this appeal we do agree that ACS is a as its principal place of business in Washington DC right there's no fact disputes the only question is does 1332 c1 apply to all corporations or only corporations charted by a state or a foreign state and your honor I would respectfully submit that because of the importance of the issue that that should be a factor in declining to review and finding a waiver or an abandonment of the argument certainly counsel was free to make the same argument that counsel representing Navy Federal made before the district court in the Fourth Circuit he didn't do so and an issue like this would certainly benefit from full briefing on that issue we have full briefing now don't we before the district court well why would it be on its if it's a pure question of law how would we all benefit from having it briefed further in the district court because the arguments may have been better developed and refined before before this court let me ask you this this is a practical question your position is that they should sue you in New York State is that is that your clients position our position is they shouldn't sue us at all but the proper form is New York State New York State what what is a federally chartered corporation want to be in New York State court rather than federal court in New York it's a good question your honor ACS does not feel like it is subject to local prejudices of judges and juries ACS is a nationwide organization with local chapters another for example a federally charted corporation under the Patriotic Organizations Act is the Girl Scouts client that I also represent we don't have the ACS does not have the concern of local prejudice right well let me I don't want to jump ahead of my colleagues here but assuming we were to deal with this question on the merits what's your argument for why we shouldn't view your client as fitting within the conducting business in a different state why that doesn't bring you within federal jurisdiction diversity jurisdiction when you look at when you review the text of 1332 c1 it it provides for two criteria and when you look at that criteria itself against the legal context in which it was enacted in 1958 the common law was very clear with respect to jurisdiction for federal federally chartered corporations and state chartered corporations state chartered corporations were citizens of the state in which they were incorporated federally chartered corporations had no state citizenship okay so when you look at the plain language of c1 it's evident that what Congress was doing was they were making it more difficult for state chartered corporations to well the argument in response to that is from your adversary is that that might hold for where you're incorporated but Congress also said and where it has its principal place of business and that that they're arguing that's a an alternative way that you can be sued it's it's it's a peculiar it's a peculiar application of c1 because on the one hand when you apply both criteria to state chartered corporations you have a curtailing of diversity and the Supreme Court and other courts have recognized the curtailing purpose of of c1 however when you apply one of the criteria even one of the criteria to federally chartered corporations that same amendment to 1332 which which has a diversity curtailing function now opens up the door where hadn't before to federally chartered corporations and at the time in 1958 right so what you're saying is actually if you just apply the text as it's written we think it will accomplish something we don't think Congress wanted to accomplish right correct that's one aspect okay well isn't that just a bad way to read statutes like if the text as written actually says it's a citizen of the state where it's incorporated and the citizen where it has its principal place of business and there's no limitation on what type of corporation we're talking about that's just what Congress wrote well there when you look at other aspects of c1 your honor including the structure of c1 the Fourth Circuit in Navy Federal found that there was clauses to be independent however I think when you look at which clauses the of every state by which it's been incorporated end of the state or foreign state where it has its principal place of business correct so really what it boils down to is are both criteria required or is only one criteria if it's both criteria then only state-chartered corporation criteria be required so it's first of all it says a corporation right doesn't say a state-chartered corporation or any kind of limitation on the type of corporation then it says every state and foreign state by which it has been incorporated now do you need to be incorporated by a foreign state in addition to a US state to to have to be a citizen of the state of incorporation I'm sorry I didn't catch that it says a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated right so does a corporation need to be incorporated by both a US state and also a foreign state in order to have a state based on the place of incorporation no I don't okay so there the word and it doesn't mean that it has to be both right that's correct okay and then in the next clause it says the you know about principles of business the state or foreign state where it has its principal place of business right so there it uses the word or as opposed to and right so from that we can infer there's one principal place of business right yes so based on the usage of the terms and and or we know that and is not exclusive but in addition to and or is what implies you know there's only one type so it links the two clauses is and right so if it says deemed to be a citizen of every state and foreign state by which it has been incorporated and that could be you know one state and zero foreign states or 50 states and a hundred foreign states it could be any number and of the state or foreign state where it has principles of business we know that that would be one right and we know that the word and means in addition to your honor my response to that is and is one of those words that depends on the context in which it is used and there are textual elements in that in grammatical elements of 1332 that show that Congress were that 1332 applies only to state charted corporations one thing that was overlooked in Navy Federal Credit Union was the tense used the grammatical tense used in c1 it states that a corporation shall be a citizen of the state in which it has been incorporated and of this of the state where it has its principal place of business has been grammatically is the present perfect meaning that an event had occurred in the past and is continuing in the future and therefore okay right fine so a corporation was incorporated in the past and it's I just don't know what does that have to do with whether it's a state chartered corporation or a federally chartered corporation because the continuation of the charter continues to add to the the principal place of business so that the state the state the state citizenship is a dual citizens a dual citizenship based upon the state of incorporation and the principal place of business and the Navy Federal Credit Union to to show to base it's that these clauses are independent it the the panel used a sentence that was not quite opposite to the language of c1 it was something along the lines of you know if I a parent tells a child we will go to the park and we will go to the zoo and if you don't go to the park it doesn't mean you know you're not going to the zoo conceptually that's fine but those are all future tenses it's not it's not a past perfect and I get it I understand so like I get the idea that the corporation we're talking about or any corporation that's subject here has been incorporated in the past and has a principal place of business in the present I just don't understand why that difference in tense tells me anything about whether it could be that it has been incorporated federally in the past and has a principal place of business in Washington DC in the present like what what what about the what about the change in tense tells me anything about whether the two clauses are are independent it's it's not so much that the change in tense it's how it's it's a tense being used in the first criteria is the argument that by definition only a a corporation that has been incorporated in a state or foreign state then flows into having the second part of the clause yes okay yeah look so let me ask you this there's a bunch of us here trying to figure this out the Ninth Circuit comes out one way the fourth second circuit comes out another way does that mean that this is the kind of statute that has enough ambiguity that we should look to the purpose of it um I I do believe so I I don't I I do believe looking at the legislative history could shed light on its meeting history just necessarily writ large but the this was I think you said earlier and I think this is right this was intended to be a jurisdiction narrowing provision not a jurisdiction expanding provision right and Congress has expressly addressed jurisdiction and and sort of diversity issues for certain federally chartered entities right that's correct but not these so are those factors we should take into account in evaluating what to do with 1332 c1 yes the fact that Congress has a history of expressly providing state citizenship to federally chartered corporations through a separate statute is I think a whether Congress intended it to apply the state citizenship intended to apply here and when you when you look at the history of the amendments to 1332 the history is one of limiting and curtailing diversity at 1958 with c1 1964 with direct action against insurers 1988 we didn't have all that history that you're reciting now and you just read this statute it would mean that any corporation is a citizen of where it has its principal place of business right I don't believe so honor your honor because the the the the applying applying the text that way leads to a very peculiar result which both curtails jurisdiction and expands it which seemed to be at odds with you not seem to be they actually are at odds with each other so why are they odds with each other I mean Congress sometimes pursues multiple goals in legislation I mean maybe you need one administrable rule and maybe Congress didn't even think about federally chartered corporations but it didn't limit the provision to other types of corporations and if you're looking for oddities isn't it kind of weird that the provision would cover a corporation incorporated by a corporations covered by the United States wouldn't that be a weird result I don't I don't think so your honor especially when you consider that 1332 and the way Congress has always has a parent has responded historically has limited limited diversity jurisdictions I don't I don't find the statute said something like a corporation however incorporated shall be deemed to be as in all the rest of it then you'd say okay fine it covers it covers fairly chartered I'm sorry I didn't catch that if it was qualified if it said a corporation comma however incorporated comma shall be deemed to be a citizen of every state and foreign state by which it's been incorporated and everything I still think that could be ambiguity there what's the ambiguity there how it is incorporated does it mean federally charted state charted does it mean mechanically how or the process by which it was incorporated but if but however incorporated just means any kind of incorporation right not necessarily any kind of corporation it could mean it could mean a host of things okay if you wanted to write a statute that applied only to state incorporated corporations wouldn't you have written something like a corporation or a state incorporated corporation shall be deemed to be a citizen and whatever of course almost 70 years later you know we could we could think of clearer ways to to perhaps express things in statutes but I think the fact that the fact is is that this night 1332 was enacted in 1958 and stood almost 70 years before any court even questioning really how it applies and by the way if the Fourth Circuit is right there was there is nothing left of bankers trust and we know that bank that bank that the court has cited bankers trust recently in its decision would it be shocking that a decision meant to address a question in 1915 that was subsequently addressed by Congress in 1958 doesn't really do anything anymore is that like a shocking results well I need to reserve bankers trust without an indication in the in the in the statute that that was the result that Congress intended to create federal to create diversity jurisdiction for corporations also relied on the idea that corporation is only a citizen of the state where it what where it's incorporated right because that was the common law rule was the common right okay so that part of bankers trust no longer applies right because Congress has provided a statutory alternative to it right no that part of bankers trust bank bankers trust plainly holds that a federally charted corporation has no state citizenship and no the part of bankers trust that relies on the idea that when you're trying to determine the citizenship of a corporation you look to the place of incorporation because that's the only place where it's a citizen that was the common law rule and that's not true anymore right yeah even state chartered corporations in bankers trust however the they couldn't have been looking at the that the state of incorporation because we were doing we were doing federally but the logic of it was the rule is a corporation is a state is a citizen of the place where it's incorporated and federally chartered corporations are not incorporated any particular state and so they have this kind of pervasive citizenship right that's the whole logic of it right that's that was the law right but that is no longer the law because now corporations are not only citizens of the place of incorporation because of Congress for state chartered corporations Congress plan to change that okay all right thank you very much mr. Lynette we'll turn back to mr. Nesson on rebuttal yes just a couple of quick points first of all when we look at a congressional purpose we begin with intent in the words in that same diversity statute they use words of limitation for example 1332 c2 the legal represent of the estate of a decedent shall be deemed to be a citizen only of the same state judge Mouskov decision improperly read in a limitation of 1332 C to state chartered corporations where none is present in the text of the statute the diversity statute applies to all corporations whether state or federally charters since the intent of Congress is above all evidence by the text and here's Connecticut Bank v San Jermaine quote we have stated time and time again that a legislator says in a statute what it means and means in a statute what it says Lomax v Ortiz Marquez also held that this court may not narrow provisions reached by inserting words that Congress sought to omit now we would say that you need not resort to congressional purpose but our position is if you do and you do it accurately we still prevail judge Mouskov and numerous courts have misstated that the congressional purpose in enacting 1332 by claiming that it's been generally to curb diversity jurisdiction yet as a acknowledges in the very congressional reports it cites enactment of 1332 was designed to curb the abuse by state chartered corporations of diversity jurisdiction through manipulation of their state of incorporations the talks of the evil of this now providing that state chartered corporations the ones that were flooding the federal courts also have the citizenship of their principal place of business has been an effective means of preventing their abuse of diversity jurisdiction since 1958 and the numbers of state incorporated corporations affected by this sound provision is already staggering according to the New York State I understand that I mean but that rule does still limit you know the cases that are going to be subject to diversity jurisdiction because it means that a state chartered corporation is a citizen of more states than maybe it wants to if it could manipulate everything right so there is there is you know a limitation but I guess your suggestion is Congress was doing something more precise than just saying we want as few diversity cases as possible addressing a particular problem about manipulation of diversity jurisdiction yeah it was an obligation to exercise jurisdiction when when it's clear that Congress has given it to us but we also cannot create jurisdiction now the rule before 1332 C was that nationally chartered corporations were citizens of no state right right and what is there to make us think that 32 1332 C intended to address federally chartered corporations at all first of all it it didn't limit it okay but secondly if you look at Bankers Trust he's talking about the common law presumption that they had to have a clear intent to apply to federally chartered corporations the very case they they cite US v Texas said quote in at five US 507 US 430 war states Congress need not affirmatively prescribe the common law doctrine issue now US v Texas did not deal with the jurisdictional statute as our case does and the Supreme Court in Exxon Mobil the fact that there's no exception that warrants us holding the Congress was speaking to federally chartered corporations is that basically what the argument my argument is they they when they want to use words of limitation in the statute they do it and in Exxon Mobil case it said this this goes back to Bankers Trust it's a pretty it's a pretty clear departure from prior law right but this is what Exxon Mobil says no sound can of interpretation requires Congress to speak with extraordinary clarity in order to modify the rules of federal jurisdiction with an appropriate constitutional bounds ordinary principle of statutory construction apply and then in Astoria v Salomino this interpretive presents and I get those general interpretive principles but like here just in particular there's no question that 1332 c1 departed from the common law because the whole idea that you're a citizen of the place where you have your principal place of business was not a common law rule even for state chartered corporations right so this is a can say that something special has to happen for Congress to depart from the common law right yeah Congress is providing some set of corporations now are citizens of their principal place of business the question is which corporations and the statute just says a corporation right and didn't limit it to state chartered and the point is the other thing if you want to look at the common law product if you you're not limited to this presumption of the analyzing the independence of the statute if you will at most you might say this is a case of dueling cannons the common law presumption versus the consistent we just agreed there's no common law presumption because okay the question about whether a corporation is a citizen of the state where it has its principal place of business that was not a common law rule no so no matter how you interpret this provision there is a departure from the common law yes therefore you do what Navy federal credit there is a there is a there is a derogation of the common law regardless of whether the provision applies to state chartered corporations or federally chartered corporations right this I just just to mention quickly on purpose again New York State alone at 3.8 million state chartered corporations there are only about a hundred and sixty federally chartered corporations there are a hundred about a hundred what are called title 36 corporations those with a state charter that then got a federal charter like American chemical so like so that's why this question doesn't come up all that much because there aren't that many federally chartered and the purpose of Congress is not undermined the purpose was to limit abuse by state chartered but let's say Congress didn't even think about federally chartered corporations would that make a difference they didn't have to be think their language was it covers all of them the other point I like just just maybe maybe this can be your last point my last point is that you know if you throw out the common law presumption and bankers trust if you look and see that the purpose was to curb the millions of state incorporation not the hundred and sixty federally chartered numbers of which there are not expanding there's been a moratorium on them then you'd go back to the text and the text with no other case including the Ninth Circuit does what the Fourth Circuit does it actually examines the text the independent basis of the two clauses the consistent use of the word and which they reject so they misstate pulsifer when you look at that then the result is clear and it's not gonna you know flood the courts because there are only a hundred and sixty fairly charred corporations and Congress is not in the business we had notice of creating new federal institutions right okay thank you very much mr. Nesson the case is submitted and because